**Joseph DOW and Robert Renda, Plaintiffs,**

**v.**

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; and Boston and Vicinity District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America; United Brotherhood of Carpenters and Joiners of America, Local Union No. 218, Defendants.**

**Civ. A. No. 92–12558–H.**

United States District Court,
D. Massachusetts.

Jan. 15, 1993.

Mark D. Stern and Brian W. Mellor, Law Office of Mark D. Stern, P.C., Somerville, MA, for plaintiffs.

Christopher N. Souris, Feinberg, Feld, Charnas & Schwartz, Boston, MA, for defendant.

MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This dispute involves the manner in which a leadership position vacancy in Carpenters Local 218 (the "Local") ought to be filled. The Local's By–Laws provide one

---

method, while the Constitution of the United Brotherhood of Carpenters and Joiners (the "International"), with which the Local is affiliated, provides another. Plaintiffs, who argue that the Constitution governs, are the ex-President and a member of the Local, respectively. Defendants, who argue for application of the Local's By-Laws, are the Local, the International, and the Boston District Council of Carpenters (the "District Council"). Both plaintiffs and defendants have filed Cross Motions for Summary Judgment.

On September 9, 1992, Louis Catanzarro resigned as Business Manager/Financial Secretary of Carpenters Local 218. That same day, the Plaintiff Joseph Dow, then President of the Local, appointed himself Business Manager/Financial Secretary. On or about September 10, 1992, Andris Silinis, President of the Boston District Council of Carpenters (the "District Council"), advised Plaintiff Dow that Robert Cataldo, the Local's Business Representative, automatically succeeded to the position of Business Manager/Financial Secretary. On September 14, 1992, President of the United Brotherhood of Carpenters and Joiners of America (the "International"), Sigurd Lucassen, informed Mr. Dow that he was not authorized to perform the duties of Business Manager, and that Mr. Cataldo was to perform those duties. The International, the District Council and the Local rely on a provision of the Local's By-Laws to support their position that Mr. Cataldo is the current Business Manager/Financial Secretary of the Local. Plaintiffs rely on a provision of the International's Constitution to support their contention that President Dow acted properly in naming himself Business Manager/Financial Secretary Pro-Tem and that an election ought now be held to fill the vacancy.

The By-Law, which was approved by the Local, the District Council and ultimately the International on October 24, 1989 and upon which the defendants rely, provides that when a vacancy occurs in the Business Manager/Financial Secretary position, the Business Representative shall succeed to that position.[1] The Constitutional provision, upon which the plaintiffs rely, provides that the President of a Local may fill a vacancy in the post of Business Manager/Financial Secretary with a union member until such time as an election to fill the vacancy can be held.[2]

Plaintiffs allege that these two provisions are in conflict, and that the Local's By-Laws resolve the conflict in their favor. Plaintiffs cite Article VII, Section 2 of the By-Laws of Local Union No. 218 which states that

> [t]he Constitution and Laws of the United Brotherhood of Carpenters ... are hereby made part of the By-Laws. Where there is doubt about any section of the By-Laws or where such might appear to be a conflict with the Constitution and Laws of the United Brotherhood ... the Constitution and Laws of the United Brotherhood ... shall supersede.

Defendants counter that the Constitution and the By-Laws are *not* in conflict and hence that this provision of the By-Laws, which mandates that the Constitution supersede the By-Laws, need not be invoked. Defendants' position is supported by the fact that the International explicitly approved the Local's By-Law and, had there been a conflict between the Business Manager/Financial Secretary provision of the By-Laws, and the Constitution, the International would have withheld its approval.

The International maintains that the constitutional provision for filling any elected office or the position of Business Manag-

---

**1.** If a vacancy occurs in the position of Business Manager/Financial Secretary, the Business Representative *shall* assume the duties of the Business Manager/Financial Secretary and shall appoint a Business Representative. [Emphasis supplied].
Carpenters Local 218 By-Laws, Article II, Section 1(A).

**2.** When vacancies occur in any elected office or in the position of business representative, the President *may* appoint a qualified member to fill the vacancy pro-tem until such time as appropriate notices are sent to the membership for the holding of an election to fill the vacancy.
United Brotherhood of Carpenters and Joiners Constitution and Laws, Section 32(B).

er/Financial Secretary vacancies applies only when such vacancies are not otherwise filled and that, in the instant case, the By-Laws expressly provide for automatic succession of the Business Representative to the position of Business Manager/Financial Secretary. Thus, defendants argue, recourse to the constitutional provision which empowers the President of the Local to appoint a Business Manager/Financial Secretary Pro–Tem is unnecessary in this particular case. The International interprets the governing documents of the Local as providing for presidential appointment to fill a Business Manager/Financial Secretary vacancy only when the By-Laws prove incapable of providing a mechanism for filling such vacancy.

As this Court considers which, if either, Motion for Summary Judgment to grant, it is conscious of the guidance the First Circuit has provided in this area of the law. In *Local No. 48 v. United Brotherhood of Carpenters,* 920 F.2d. 1047 (1st Cir.1990), the Appellate Court for this Circuit delineated the extraordinarily narrow scope of judicial review of a Union's interpretation of its own Constitution. In that case, the First Circuit, reviewing a dispute not unlike the one presently before this Court, and indeed, involving the same International, instructed that it would "uphold the International's interpretation of its own governance documents unless that interpretation [was] *patently unreasonable.*" *Id.* at 1052 [emphasis added].

This Court does not find Defendant International's interpretation of its Constitution and the Local's By-Laws to be "patently unreasonable." It is entirely reasonable to interpret the two documents in such a manner as to avoid conflict between them.[3] Accordingly, this Court defers to the expertise of the International and declines to intrude unnecessarily into internal Union affairs. Since the International's interpretation of its Constitution and Local 218's By-Laws is not "patently unreasonable," Defendants' Motion for Summary Judgment is granted.

SO ORDERED.

---

**3.** Indeed, given the language of the provisions here in issue, the International's interpretation makes perfect sense. The By-Laws provide that the Business Representative *shall* assume the duties of Business Manager/Financial Secretary when a vacancy occurs in that position. The Constitution, in providing for appointment of a Business Manager Pro–Tem, employs the term "*may.*" Logic and rules of construction dictate that the provision with the mandatory directive—"shall," as opposed to "may"—govern.

Likewise, logic and rules of construction dictate that when two provisions speak to the same issue, the more specific of the two governs. The provision of the By-Laws presently before the Court speaks to the issue of vacancies in the position of "Business Manager/Financial Secretary." The related constitutional provision speaks, more broadly, to the issue of vacancies in "any elected office or in the position of business representative." Clearly, the provision found in the By-Laws is more specific than that found in the Constitution. Accordingly, it is reasonable to give greater weight to the By-Laws' specific provision in this instance.